IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00645-GPG

LAZARO AGUILAR,

    Applicant,

v.

TRAVIS TRANI, Warden, and
CYNTHIA H. COFFMAN, Attorney General,

    Respondents.

## ORDER TO CURE AND AMEND

Applicant, Lazaro Aguilar, is in the custody of the Colorado Department of Corrections, currently incarcerated at the Sterling Correctional Facility. He filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). He seeks monetary damages and a transfer to the San Carlos Correctional Facility.

The Court must construe Mr. Aguilar's submitted documents liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Application filed by Mr. Aguilar and finds that it is deficient. As background, Mr. Aguilar states that while he was incarcerated at the Limon Correctional Facility, he was charged with a disciplinary offense of assault on

another offender, which was lowered to a fighting charge. He was convicted of the disciplinary violation and sentenced to thirty (30) days of punitive segregation. (ECF No. 1 at 1-2).

Mr. Aguilar raises two claims in the Application. First, he asserts that his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated because at the May 24, 2015 hearing regarding his disciplinary conviction, the Colorado Department of Corrections denied his grievance, holding it was not a grievable issue. Second, he asserts that his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated because on September 8, 2014, he was placed on administrative segregation for his disciplinary conviction but an administrative segregation hearing was never held as per Administrative Regulation 600-1.

Mr. Aguilar's claims in this action are not properly asserted pursuant to 28 U.S.C. § 2254, which is reserved for challenges to the validity of a state court conviction or sentence. *See* 28 U.S.C. § 2254(a).

To the extent Mr. Aguilar is asserting that the conditions of his confinement in administrative segregation violate his constitutional rights, these claims are properly asserted in a separate action brought pursuant to 42 U.S.C. § 1983 by filing a Prisoner Complaint. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991); *see also Boyce v. Ashcroft*, 251 F.3d 911, 914-18 (10th Cir. 2001) (noting that challenges on prison decisions to transfer a prisoner to segregation are conditions of confinement cases). Mr. Aguilar is reminded that any constitutional violations asserted pursuant to § 1983 must allege specific facts to show that each named Defendant personally participated in a deprivation of his Constitutional rights. *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To the extent Mr. Aguilar asserts claims that call into question the execution, and not the validity, of his sentence, such claims must be asserted pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also Bell v. U.S.*, 2009 WL 1609396, *2 (D. Colo. June 2, 2009) (finding that § 2241 is the proper vehicle to challenge a disciplinary conviction that results in the deprivation of good-time credits or an increased sentence . . . . However, where good-time credits or an increased sentence are not implicated, such claims are not cognizable pursuant to § 2241. . . ."). However, the Court notifies Plaintiff that monetary relief is not available in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *Nelson v. Campbell*, 541 U.S. 637, 647 (2004) (recognizing that "damages are not an available habeas remedy."). Therefore, if Mr. Aguilar wishes to pursue his claims challenging the execution of his sentence, he will be directed to file an amended pleading on the proper form and request the appropriate relief. Mr. Aguilar is further directed to state whether he lost good-time credits as a result of his disciplinary conviction. Mr. Aguilar is warned that he may not assert any claims challenging the conditions of his confinement in a § 2241 action. Further, if he decides to pursue an § 2241 action, he must also submit a Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action or else pay the $5.00 filing fee.

Accordingly, it is

ORDERED that Mr. Aguilar file an amended pleading on the proper court-approved form **within thirty (30) days from the date of this order**. The court-approved forms can be found (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. . It is

FURTHER ORDERED that if Mr. Aguilar submits an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, he must also submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the court-approved form or else pay the $5.00 filing fee. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended pleading that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED March 31, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge